No. 46,018

BETTY LOU BAILEY, *Appellee,* v. BILLY H. BAILEY, *Appellant.*

(496 P. 2d 1371)

Opinion filed May 6, 1972.

*Larry B. McGrath,* of Manhattan, was on the brief for the appellant.
No appearance for appellee.

The opinion of the court was delivered by

HARMAN, C.: The single issue on appeal in this divorce action is the propriety of the amount awarded the wife as alimony.

After thirteen years of wedded life the parties were divorced in September, 1969. The wife, then thirty-five years of age, was granted the divorce because of extreme cruelty and gross neglect of duty by the husband, then forty years of age. The wife received custody of two sons, one aged nine years and the other four months.

By way of property division the wife was awarded the family home, the household goods and furnishings, and a 1968 Chevelle automobile. The house was valued between $16,000 and $17,000. It was subject to a mortgage of $11,317 which the wife was required to assume and pay. The husband was awarded his books, tools, a camera and a 1966 Chevelle. He was directed to pay debts of the parties approximating the sum of $4,400, which amount included an indebtedness owing on the automobile awarded the wife. He was also directed to maintain one-half the amount of his life insurance with his two sons named as beneficiaries.

The husband was ordered to pay child support in the amount of $75.00 per month per child for a period of one year, such amount to be increased $15.00 per month per child for each of the three years following the one year period, and to pay the wife alimony in the sum of $150.00 per month until her remarriage, death or until further order of the court.

Upon appeal the husband asserts that in the light of the property division the alimony award was excessive.

The record reveals that the wife, a high school graduate, had been employed as a secretary prior to the marriage and as a result had accumulated $2,000 and an automobile, which she brought into the marriage. The husband, who had just left the naval service, commenced civilian employment and at the same time began attending college. Eventually he obtained a bachelor's and a master's degree in physics and had done work toward a doctorate. During the first three years of marriage the wife continued to work and saved about $4,000 while the husband supported the family from his earnings. Of the wife's savings $3,000 eventually went into family expenses; the remaining amount was put in a savings account but it was pledged for a loan to the parties and appears not to be the basis of any contention by the husband.

At the time of the divorce hearing the husband was employed at Kansas State University but had resigned his position for the coming year. He had done some part time work outside his regular employment. His 1968 income tax return reflected income of about $10,800. He testified he expected thereafter to have an annual income from earnings of about $12,000. The wife testified he owned some kind of fund at the university, amounting to about $1,600, nature not shown.

As indicated, there is no complaint concerning the property division. The complaint is that, in the light of it, the alimony award is not fair, just and equitable as required by K. S. A. 1971 Supp. 60-1610 ( c ). We cannot sustain the contention.

Rules applicable to alimony have been stated many times and need not be repeated ( see *Cool v. Cool,* 203 Kan. 749, 457 P. 2d 60 ).

It is apparent from the colloquy revealed by the record the trial court was greatly concerned with making adequate provision for the children of the parties and that it gave careful consideration to all the orders made. The husband's principal argument is he cannot on his anticipated income pay the indebtedness of the parties, support money for the children and maintenance for himself and at the same time pay the alimony ordered by the court. This contention is largely bottomed on a substantial monthy payment schedule proposed by him of so much per month to be paid on each item of indebtedness in addition to his other required expenditures. The proposal calls for payments large enough to liquidate the indebtedness in a comparatively short time. The indebtedness appears to

consist of at least fifteen separate accounts, mostly unsecured, and is not of a nature where the kind of payments postulated by the husband are normally expected or required.

Everything considered, we are unable to declare an abuse of judicial discretion in the alimony award and that judgment is affirmed.

APPROVED BY THE COURT.